34068827_2.docx

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHNSON CONTROLS, INC., a Wisconsin corporation,<br><br>    Plaintiff,<br><br>v.<br><br>THERMA, LLC, a Delaware limited liability corporation; CHARLES ACKER, an individual; DON BACH, an individual; JESSICA DELGADO, an individual; SHANNON GUERRERO, an individual; MATTHEW LANCEY, an individual; REGINA ROMERO, an individual; ROBERT MITCH SAGER, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 8:18-cv-00636-AG-KESx<br><br>**STIPULATED PERMANENT INJUNCTION AND ORDER**<br><br>Complaint Filed:  April 17, 2018<br>Trial Date:  July 21, 2019<br>District Judge:  Andrew J. Guilford<br>Magistrate Judge:  Karen E. Scott |
| SHANNON GUERRERO, an individual; and REGINA ROMERO, an individual,<br><br>    Counter-Claimant,<br><br>v.<br><br>JOHNSON CONTROLS, INC., a Wisconsin corporation; and ROES 1-100,<br><br>    Counter-Defendant. | |

Plaintiff Johnson Controls, Inc. ("Plaintiff" or "JCI") and Defendant Therma, LLC ("Therma") and Don Bach, Charles Acker, Shannon Guerrero, Mitch Sager, Matt Lancey, Jessica Delgado, and Regina Romero ("Individual Defendants") (collectively with Therma, the "Defendants") (hereinafter the Defendants and Plaintiff are collectively referred to as the "Parties") hereby stipulate as follows:

WHEREAS, Plaintiff initiated litigation against Defendants in the United States District Court, Central District of California, as Case No. 8:18-cv-00636-AG-KESx (the "Action");

WHEREAS, on March 8, 2019, the Parties entered into a Stipulated Permanent Injunction, for a term of eighteen months, and, shortly thereafter, a corresponding long-form Settlement Agreement wherein the Parties agreed that the Court would retain jurisdiction to make any orders that would be necessary to enforce the Stipulated Injunction and Settlement Agreement.

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS**:

1. For the period of eighteen months following the date of entry of this Stipulated Injunction:

    (a) The Individual Defendant shall not disclose to others, copy or use, except as authorized by Johnson Controls, Inc., any confidential or Proprietary Information of Johnson Controls, Inc. or its subsidiaries and affiliates comprising any data or information, however embodied, acquired or created, concerning any aspect of the business of Johnson Controls, Inc. that they acquired or originated during their employment. "Proprietary Information/Confidential Information" means information related to the Company's business that is reasonable protected by Johnson Controls, Inc. and not generally known in the trade or industry and that Johnson Controls, Inc. considers to be confidential and/or proprietary as contained in the Johnson Controls, Inc. documents and information at issue in this lawsuit and returned to Johnson Controls, Inc.

//

34068827_2.docx

(b) The Individual Defendants shall surrender to Johnson Controls, Inc. any and all documents each has in their possession incorporating any such confidential or Proprietary Information, including all copies thereof whether in human or machine readable form, and all electronic copies.

2. The term of this Injunction shall be for eighteen months from the date of entry of this Stipulated Injunction.

3. In the event that during the term of this Stipulated Injunction Johnson Controls, Inc. becomes aware of Johnson Controls, Inc. business being awarded away from Johnson Controls, Inc. in favor of the Defendants, or that the Defendants engage in any activity covered by this Stipulated Injunction that could result in Johnson Controls, Inc. business being awarded away from Johnson Controls, Inc. in favor of the Defendants, Johnson Controls, Inc. has the option to contact the Defendants in writing, by email, within five business days of any Johnson Controls, Inc. manager becoming aware of the business being awarded away from Johnson Controls, Inc. in favor of the Defendants, or the impermissible activity covered by this Stipulated Injunction. Johnson Controls, Inc. shall be entitled to a "yes/no" answer as to whether Defendants was awarded the former Johnson Controls, Inc. business, and the date such business was awarded. If the answer is "yes," Johnson Controls, Inc. shall be entitled to a description as to how the contract was obtained. Defendants shall provide reasonable assurances within five days of the request therefore. The inquiries on the part of Johnson Controls, Inc. identified in this paragraph shall be made to: Chris Parrette – Risk Manager of Therma by emailing cparrette@therma.com (or any other designee of the Defendants).

4. Defendants are permanently restrained and enjoined from, directly or indirectly, alone or in concert with others from:

(a) using any of the documents or information described above to compete against Johnson Controls, Inc.;

//

34068827_2.docx

(b) providing any services to any customer by relying upon any Johnson Controls, Inc. information contained in the documents described above;

(c) soliciting or contacting any customer of Johnson Controls, Inc. by relying upon the information contained in the documents described above;

(d) from possessing, using or disclosing any of Johnson Controls, Inc.'s information contained in the documents described above;

5. Additionally, the Defendants must comply with the following terms:

(a) The Individual Defendants must provide written acknowledgment confirming that they have returned all of Johnson Controls, Inc.'s property and confidential information;

(b) The Individual Defendants must account for and return any all of JCI's information;

(c) The Defendants shall allow for the inspection of their personal and work email, computers, personal devices, cellular telephones, "smart" telephones/devices, hard drives, floppy disks, USB devices, magnetic tapes, CD Roms, DVD's, and any other device that is capable of storing, transferring, moving, sending, receiving, or otherwise transporting data, to which they had access or permission to use which may have had Johnson Controls, Inc. information, for a forensic expert to ensure that Johnson Controls, Inc.'s information has been harvested and returned to Johnson Controls, Inc., or shall provide affirmations, under penalty of perjury, describing the steps taken, by serial number of the device, and the size and names of the files deleted;

6. Each of the Parties acknowledges that they have had adequate opportunity, or have received the advice of counsel regarding their rights and obligations under this Stipulated Injunction, and that they enter into it knowingly and voluntarily;

//

//

34068827_2.docx

7. In the event the Defendants, or anyone acting in concert with them, violates the terms of this Stipulation and Order, Plaintiff shall be entitled to immediate injunctive relief and recovery of liquidated damages in the amount of $5,000 per violation, for any and all damages resulting from the violation(s), as well as all other damages all other damages allowable by law an in equity, including liquidated damages;

8. The Parties stipulate that the district court will retain jurisdiction to enforce the Settlement Agreement and Stipulated Injunction.

SO ORDERED: 4/9/19

_____
The Honorable Andrew J. Guilford

AGREED:

DATED: April 8, 2019　　　　　OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Garcia
　　David A. Garcia
　　Graham M. Hoerauf

Attorneys for Plaintiff and Counter-Defendant Johnson Controls, Inc.

DATED: April 8, 2019　　　　　SNELL & WILMER L.L.P.

By: /s/ Deborah A. Gubernick
　　Deborah A. Gubernick

Attorneys for the Defendants.

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a), I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in the contents of this filing and have authorized the filing of this document.

DATED: April 8, 2019  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ David Garcia
David A. Garcia
Graham M. Hoerauf

Attorneys for Plaintiff and Counter-Defendant Johnson Controls, Inc.